UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA GREENSPAN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>        Defendants. | Case No. 13cv210-LAB (DHB)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>**[ECF No. 17]** |

On April 16, 2013, Plaintiff Donna Greenspan filed an Ex Parte Application for Appointment of Guardian Ad Litem, requesting appointment as guardian ad litem for her minor son, Plaintiff A.G. (ECF No. 17.) No party has opposed the motion.[1] For the following reasons, Plaintiff's Ex Parte Application is **GRANTED**.

## I. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 17, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor . . . who is unrepresented in an action." Fed.R.Civ.P. 17(c)(2). An individual's capacity to sue is determined "by the law of the individual's domicile." Fed.R.Civ.P. 17(b). Here, A.G. is domiciled in California. (ECF No. 1 at ¶.) Under California law, an individual under the

---

[1] On May 6, 2013, the Court issued an order requiring any Defendant who wished to oppose Plaintiffs Ex Parte Application to do so by May 10, 2013. (ECF No. 22.) No opposition briefs were filed.

age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings, and the court may appoint a guardian ad litem to represent the minor's interests. Cal. Fam. Code § 6601; Cal. Code Civ. P. §372(a).

When determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and guardian have divergent interests. Cal.Code Civ.P. § 372(b)(1). "'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Superior Court*, 147 Cal.App.4th 36, 49 (Cal.Ct.App. 4th 2007). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 23.

Here, Ms. Greenspan is A.G.'s mother. A.G. is under the age of eighteen. (*See* ECF No. 1 at ¶3.) Therefore, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem. The Court is aware that the County of San Diego Defendants have expressed concern about a potential conflict of interest based on the underlying circumstances of this case. However, the Defendants have not submitted any formal objection to the ex-parte application, nor did they submit any legal authority in the email chain which is attached as an exhibit to the ex-parte application. The Court has carefully reviewed all of the pleadings in the underlying case. Although Ms. Greenspan's care of her son may be at issue, and even though she is pursuing claims on behalf of herself as well as A.G. in this case (such as her civil rights claims and Monell-related claims), Ms. Greenspan is qualified to serve as guardian ad litem for her son and the claims do not appear to be in conflict. Therefore, Ms. Greenspan's appointment as guardian ad litem for her son A.G. is appropriate. *See e.g. Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins.v. Olguin*, 2007 WL 1390672 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem.").

## II.  CONCLUSION

Plaintiff's Ex Parte Application for Appointment of Guardian Ad Litem is hereby **GRANTED**.  Donna Greenspan is appointed to act as guardian ad litem for Plaintiff A.G., and is authorized to prosecute this action on his behalf.

**IT IS SO ORDERED.**

DATED: May 14, 2013

_____
DAVID H. BARTICK
United States Magistrate Judge