1  THOMAS E. MONTGOMERY, County Counsel
County of San Diego
2  By CHRISTOPHER J. WELSH, Senior Deputy (State Bar No. 120766)
1600 Pacific Highway, Room 355
3  San Diego, California 92101
Telephone:  (619) 557-4039
4  Facsimile:  (619) 531-6005
E-mail: christopher.welsh@sdcounty.ca.gov
5
Attorneys for Defendant/Third Party Plaintiff County of San Diego
6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DONNA GREENSPAN, an individual;      )  No. 13cv0210-LAB (DHB)
and A.G., a minor, by and through her    )
12  guardian ad litem,                   )
                                         )
13              Plaintiff,               )  **THIRD PARTY COMPLAINT OF**
                                         )  **COUNTY OF SAN DIEGO AGAINST**
                                         )  **THIRD PARTY DEFENDANT**
14          v.                           )  **HOWARD GREENSPAN**
                                         )
15  COUNTY OF SAN DIEGO, a public        )
entity; et al.,                          )
16                                       )
                                         )  Courtroom 14A (Annex)
17              Defendants.              )  Honorable Larry Alan. Burns
                                         )  Trial Date:  None Set
18  COUNTY OF SAN DIEGO, a public        )
entity,                                  )
19                                       )
                                         )
20              Third Party Plaintiff,   )
                                         )
21          v.                           )
                                         )
22  HOWARD GREENSPAN, and ROES           )
I through XX, inclusive,                 )
23                                       )
                                         )
            Third Party Defendant.       )
24

25       Third Party Plaintiff COUNTY OF SAN DIEGO ("County") alleges as follows:

26  ///

27  ///

28  ///

                                                    13cv0210-LAB (DHB)

## FIRST CAUSE OF ACTION FOR INDEMNITY

### I

At all times herein mentioned, Third Party Plaintiff County was and now is a political subdivision of the State of California.

### II

Third Party Plaintiff County is informed and believes and thereon alleges that at all times herein mentioned, Third Party Defendant Howard Greenspan was and now is an individual residing in the County of San Diego, State of California.

### III

A dispute has arisen and an actual controversy exists between Third Party Plaintiff County and Third Party Defendant herein, and each of them, as to whether Third Party Plaintiff County is entitled to indemnity and contribution against Third Party Defendant herein.

### IV

The true names and capacities, whether individual, corporate, associate, or otherwise, of Third Party Defendants, ROES I through XX, inclusive are unknown to Third Party Plaintiff County, who therefore sues said Third Party Defendants by such fictitious names.  Third Party Plaintiff County is informed and believes and thereon alleges that each of the Third Party Defendants designated herein as a "ROE" is responsible in some manner for the events and happenings herein referred to and caused injury to Third Party Plaintiff County as herein alleged.

### V

Third Party Plaintiff County is informed and believes and thereon alleges that at all times herein mentioned each of the Third Party Plaintiff was the agent of each of the remaining Third Party Defendants, and, in doing the things herein complained of, was acting within the time, place, purpose and scope of said agency.

///

///

- 2 -

VI

On January 25, 2013 Plaintiffs Donna Greenspan and A.G. Greenspan, a minor, by and through her guardian ad litem, filed a Complaint for Damages against the County of San Diego and several of its employees (hereinafter referred to as "the principal action"). Third Party Plaintiff County is informed and believes, and based upon such information and belief, alleges that: Howard Greenspan was arrested on drug charges in Nevada, was bailed out by his wife Plaintiff Donna Greenspan, and was out on bail when the events described in Plaintiffs' Complaint occurred;  Howard Greenspan admitted that because of the drug arrest in Nevada a supplier or purchaser or person otherwise connected with drugs or drug money was seeking to hold him responsible for the money which was lost, the drug proceeds which were not realized and/or drugs which were confiscated in Nevada; Howard Greenspan pled guilty to possession of controlled substance in connection to his arrest in Nevada; Howard Greenspan took part in operating a large marijuana growing warehouse and took part in the business of cultivating and distributing quantities of marijuana; While in San Diego in 2012 Howard Greenspan lived with his wife Donna Greenspan and their child Plaintiff A.G. in a house which was used for his marijuana business;  Howard Greenspan caused or allowed marijuana and edible treats laced with marijuana to be in the house where his son A.G. also resided; Howard Greenspan and Donna Greenspan invited or allowed Aaron Hartman, who was also arrested for possession of controlled substance in Nevada, to move in with the Greenspan family;  Aaron Hartman pled guilty to possession of controlled substance in Nevada;  On February 22, 2012 Howard Greenspan knew he was engaging in conduct related to his marijuana growing and selling which could lead to another arrest but made no adequate provision for the protection or care of his son A.G. in the event an arrest occurred; Howard Greenspan knew or should have known that if he was caught by law enforcement in the circumstance described in the February 22, 2012 arrest report his son A.G. would be taken into protective custody by the County;  Howard Greenspan knew or should have known that his conduct in connection with growing, selling, transporting or buying drugs

- 3 -

13cv0210-LAB (DHB)

1  or drug-related products and dealing with others who were engaged in the drug business

2  would place his child A.G. in a position where he could be taken into protective custody.

3                                        VII

4       In the principal action herein Plaintiffs allege, among other things, conduct

5  entitling one or both Plaintiffs to compensatory damages against Third Party Plaintiff

6  County and the remaining Defendants.  Third Party Plaintiff County contends that it is

7  not at fault or liable for the event and occurrences described in the principal action.

8                                        VIII

9       If Third Party Plaintiff County is found liable to Plaintiffs such liability will arise

10  to said Third Party Plaintiff County because of the acts or omissions, whether negligent,

11  intentional, criminal or otherwise, of the Third Party Defendants herein.

12                                        IX

13       Third Party Plaintiff County alleges that the acts or omissions, whether negligent,

14  intentional, criminal or otherwise, of Third Party Defendants herein, and each of them

15  were the direct, active and primary causes of some of Plaintiffs' damages, as alleged in

16  the principal action.

17                                        X

18       Third Party Plaintiff County hereby makes demand upon Third Party Defendants

19  herein, and each of them, to be indemnified and held harmless from any liability to

20  Plaintiffs.

21                                        XI

22       By reason of the aforesaid, and in equity, if Plaintiffs recover a settlement with or

23  judgment against Third Party Plaintiff County, then Third Party Plaintiff County is

24  entitled to recover from Third Party Defendants herein, and each of them, to the extent of

25  any such settlement or judgment.  In addition, by reason of the aforesaid, and in equity

26  and good conscience, Third Party Plaintiff County is entitled to recover its costs of

27  defending the principal action and prosecuting its third party action, including attorneys'

28  ///

                                        - 4 -

1  fees, investigation costs and court costs, irrespective of whether or not Third Party

2  Plaintiff County is eventually found liable to Plaintiff.

3                    SECOND CAUSE OF ACTION FOR APPORTIONMENT

4                                               XII

5       Third Party Plaintiff County re-alleges and incorporates by reference all of the

6  allegations contained in paragraphs I through XI, inclusive, above, as if fully set forth

7  herein.

8                                               XIII

9       Third Party Plaintiff County is not singularly or totally liable for the damages

10  allegedly incurred by Plaintiffs.  By reason of the foregoing, and in equity and good

11  conscience, if Plaintiff recovers damages against Third Party Plaintiff County, then Third

12  Party Plaintiff County is entitled to indemnification proportionate to the comparative

13  responsibility and degree of fault of all parties which will result in a pro rata and

14  equitable distribution among Plaintiffs, Defendants and said Third Party Defendants

15  herein, and each of them, to the extent their respective negligence and wrongful conduct

16  contributed to the damages allegedly sustained by Plaintiffs.

17                    THIRD CAUSE OF ACTION FOR CONTRIBUTION

18                                              XIV

19      Third Party Plaintiff County re-alleges and incorporates by reference all of the

20  allegations contained in paragraphs I through XIII, inclusive, above, as if fully set forth

21  herein.

22                                               XV

23      Third Party Plaintiff County is informed and believes, and based upon such

24  information and belief, alleges that Third Party Defendants acted negligently, wrongfully

25  and/or illegally in connection with the events set forth in Plaintiffs' Complaint

26                                              XVI

27      If Plaintiffs were damaged as alleged, then said damages stem from or were caused

28  in part by the negligent, wrongful and/or illegal conduct of Third Party Defendants and

1  therefore Third Party Plaintiff County requests a determination of the percentage of fault

2  and responsibility which is fairly attributed to each Third Party Defendant.  In the event

3  Third Party Plaintiff County is found liable to Plaintiffs, the Third Party Plaintiff County

4  is entitled to indemnity or contribution from Third Party Defendants to require each party

5  to contribute to the settlement or judgment by paying an amount proportionate with their

6  fault.

7  WHEREFORE, Third Party Plaintiff COUNTY OF SAN DIEGO prays for

8  judgment against Third Party Defendants herein, and each of them, as follows:

9  1.    For the partial or total and complete indemnity of Third Party Plaintiff

10  County from any and all judgments rendered against it or settlements entered into by it or

11  its officers, employees, or agents;

12  2.    For judgment indemnifying the Third Party Plaintiff County in a

13  proportionate share against each and every Third Party Defendant herein;

14  3.    For a judgment of this Court declaring that Third Party Plaintiff County is

15  entitled to partial or total indemnification against cross-defendants herein, and each of

16  them;

17  4.    For costs of suit incurred herein, including attorneys' fees; and

18  5.    For all other such relief as the Court deems proper and just.

19  DATED: May 28, 2013          THOMAS E. MONTGOMERY, County Counsel

20                                              By: s/ Christopher J. Welsh
                                                   CHRISTOPHER J. WELSH, Senior Deputy
21                                              Attorneys for Defendants/Third Party Plaintiff
                                                County of San Diego
22                                              E-mail: christopher.welsh@sdcounty.ca.gov

23

24

25

26

27

28

- 6 -

13cv0210-LAB (DHB)