UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA GREENSPAN, et al., | Case No. 13cv210-LAB (DHB) |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH FEDERAL SUBPOENA** |
| v. | |
| COUNTY OF SAN DIEGO, et al., | [ECF No. 39] |
| Defendants. | |

On December 6, 2013, Plaintiff Donna Greenspan ("Plaintiff") filed a Motion to Compel Compliance with Federal Subpoena Issued to Rady Children's Chadwick Center for Children and Families. (ECF No. 39.) Plaintiff's motion is unopposed. For the following reasons, the motion is **GRANTED**.

## I. DISCUSSION

This is a civil rights lawsuit arising out of the removal of Plaintiff's child, A.G., from Plaintiff's home. On February 22, 2012, A.G. was placed into the care of Polinsky Children's Center ("Polinsky"). Plaintiff alleges that A.G. was sexually molested by an older child while at Polinsky. (ECF No. 1.) On March 5, 2012, Plaintiff filed a formal police report regarding the molestation. Thereafter, a forensic examination and interview of A.G. took place at Rady Children's Chadwick Center for Children and Families ("Chadwick Center").

Plaintiff initially sought release of the Chadwick Center records by filing a Request for Disclosure of Juvenile Records in the Juvenile Court for the County of San Diego. On November 1, 2013, the Juvenile Court determined that it did not have authority over the Chadwick Center records because the records were not part of the juvenile case file, as defined by Cal. Welf. & Inst. Code § 827(e). Therefore, Plaintiff served a subpoena for production of the records on Chadwick Center. On November 6, 2013, Chadwick Center responded to the subpoena by letter stating Plaintiff's "request for medical records" had been denied because "[t]he information is not available to you for inspection as permitted by State and/or Federal law(s)." (ECF No. 39-4 at 2.) Chadwick Center did not cite any specific rule, statute, or privilege for its basis of the denial. Plaintiff's counsel's attempts to meet and confer with Chadwick Center to informally resolve the issue were unsuccessful. Accordingly, Plaintiff brought the instant motion to compel.

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Under Rule 45, any party may serve a subpoena commanding a third party to produce documents. Fed. R. Civ. P 45(a)(1)(A)(iii). A person commanded to produce documents may serve a written objection to the subpoena. Fed. R. Civ. P 45(d)(2)(B). If the commanded person withholds subpoenaed information under a claim that it is privileged, the person must (1) expressly make the claim, and (2) describe the nature of the withheld documents in a manner that will enable the parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A). The serving party may, at any time, on notice to the commanded person, move the court for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(I).

Here, the Court finds the subpoenaed Chadwick Center records are clearly relevant to Plaintiff's case. As for Chadwick Center's objection to the subpoena, the Court notes Chadwick Center failed to cite any specific legal authority to support its position. To the extent Chadwick Center's refusal to comply with the subpoena is based on a claim of privilege, it has not provided a proper objection under Rule 45. Therefore, the Court finds

Chadwick Center's objection to the subpoena is baseless.  Furthermore, neither Chadwick Center, nor any other party to this suit, have filed an opposition to Plaintiff's motion.  The Court construes that failure as a consent to the motion being granted.  *See* Civil LR 7(f)(3)(c) (providing the failure to file an opposition "may constitute a consent to the granting of a motion or other request for ruling by the court").

The Juvenile Court has determined the Chadwick Center records were not part of the juvenile case file within the meaning of Cal. Welf. & Inst. Code §827(e), and therefore, the court lacked authority to order them disclosed.  As a result, Plaintiff properly sought the records via a Rule 45 subpoena.  The Court finds Plaintiff is entitled to the Chadwick Center records under Cal. Heath & Safe Code § 123110.  *See also Person v. Farmers Ins. Group of Cos.*, 52 Cal.App.4th 813, 815 (1997).  Accordingly, Plaintiff's motion to compel is granted.

## II. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Compliance with Federal Subpoena Issued to Rady Children's Chadwick Center for Children and Families is **GRANTED**.  Rady Children's Chadwick Center for Children and Families shall comply with the November 4, 2013 Subpoena to Produce Documents within 14 days of the date of this Order.

**IT IS SO ORDERED.**

DATED: January 9, 2014

DAVID H. BARTICK
United States Magistrate Judge