UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENSPAN, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil No.   13cv210-BAS (JLB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING JOINT APPLICATION TO APPROVE MINOR'S COMPROMISE**<br><br>**[ECF No. 68]** |

Presently before the Court is the parties' Joint Application to Approve Minor's Compromise. (ECF No. 68.)[1] After a thorough review of the pleadings and supporting documents, this Court hereby **RECOMMENDS** the parties' Joint Application be **GRANTED**.

## I. BACKGROUND

Plaintiffs are Donna Greenspan and A.G., a minor, appearing by and through his mother and *guardian ad litem* Donna Greenspan. (ECF No. 23.) The Complaint alleges that Defendants violated Plaintiffs' rights arising under the Fourth and Fourteenth Amendments by allegedly seizing Minor A.G. from the custody and care of his mother, Plaintiff Donna Greenspan, without a warrant and in the absence of any exigency. (ECF No. 1 at 8.) Once seized, the Defendants continued to detain Minor A.G. from the care of

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

his mother, at the Polinsky Center, when there was allegedly no legitimate basis to continue to do so. (*Id*. at 15.) While in the custody of Defendant County of San Diego, Minor A.G. allegedly suffered physical assault and injury at the hands of another child at the Polinsky Center. (*Id*. at 12.) Minor A.G. was ultimately returned to his mother's care. (*Id*. at 17.)

On September 24, 2014, Plaintiffs filed a Notice of Settlement in this case. (ECF No. 61.) On November 24, 2014, the parties filed the instant Joint Application to Approve Minor's Compromise. (ECF No. 68.) The terms of the settlement, the distribution of proceeds and the terms of engagement are set forth in the Declaration of Shawn A. McMillan. (*See* ECF No. 68-1.) In addition to the terms of the settlement, the declaration states that Minor A.G. has since recovered from any and all injuries resulting from the seizure and removal from his home and the physical assault he allegedly sustained while in the care of Defendant County of San Diego. (ECF No. 68-1 at 3.) Minor A.G. is now back in his mother's care and resides with her on a permanent basis. (*Id*.)

On December 16, 2014, the Court held a hearing on the instant Application. Mr. Shawn McMillan appeared on behalf of Plaintiffs. Plaintiff Donna Greenspan and Minor A.G. were also present in the courtroom. Mr. Christopher Welsh appeared on behalf of all Defendants. (ECF No. 70.)

## II. APPLICABLE LAW

This Court's Local Rule 17.1 addresses settlements for minors and provides in pertinent part:

> (a) Order or Judgment Required. No action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval, consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

CivLR 17.1(a).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court

'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims,[2] district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

### III. DISCUSSION

Minor A.G., through his *guardian ad litem*, has agreed to settle his claims against the remaining Defendants. According to the terms of the settlement, Defendant County of San Diego will pay a total sum of $325,000 to Plaintiffs in exchange for a waiver of all claims against the settling Defendants. (ECF No. 68-1 at 4.) The total settlement fund of $325,000 is inclusive of damages, attorney's fees and costs, and shall be divided among Minor A.G. and Plaintiff Donna Greenspan. (*Id.*) Plaintiff Donna Greenspan is to receive a total of sum $175,000, from which all costs of litigation—including attorney's fees—shall be paid. (*Id.*) Minor A.G. is to receive a total sum of $150,000, which shall be used to purchase a deferred annuity. (*Id.*) The annuity is to have a scheduled payout consisting of two separate phases.

---

[2] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. *Robidoux*, 638 F.3d at 1179 n. 2. In the instant action, Plaintiffs have brought claims under both federal and state law. Nevertheless, the Court will look to the Ninth Circuit's guidance with respect to all of their claims.

In the first phase, the payout is as follows: $934.52 payable monthly to Donna Greenspan for the benefit of Minor A.G. for five years, beginning on August 1, 2015, with the last guaranteed payment on July 1, 2020. (*Id*.) During the second phase, the payout is as follows: $10,000 guaranteed lump sum payable to A.G. at the age of 18; $40,000 guaranteed lump sum payable to A.G. at the age of 25; $113,000 guaranteed lump sum payable to A.G. at the age of 30; and $39,500 guaranteed lump sum payable to A.G. at the age of 45. The total deferred sum of the annuity is $258,571.20. (*Id*.)

In addition to the financial terms of the settlement, Defendant County of San Diego is to conduct an inquiry to ensure that neither Plaintiff Donna Greenspan, nor Minor A.G., are listed on the California Justice Department's Central Index as either a victim or perpetrator of abuse. (ECF No. 68 at 3.)

With respect to attorneys' fees, pursuant to the written engagement agreement between Plaintiffs and their counsel, Plaintiffs' counsel is to receive 50% of the total recovery, after reimbursement of all costs advanced. Accordingly, Plaintiffs' counsel will receive $161,278.40. (*Id*.) Total damages and costs are approximately $13,721.60. Attorney's fees, costs, and damages are to be covered by the $175,000 paid to Plaintiff Donna Greenspan. (*Id*.)

After considering the facts of this case, Minor A.G.'s specific claims, the terms of the settlement, as well as recoveries in similar cases,[3] the Court finds the settlement to be in the best interest of all the parties and the amount of money Minor A.G. will receive ($150,000 to be used to purchase an annuity which will yield a total deferred sum of $258,571.20) to

---

[3] *See Dyess v. Tehachapi Unified School District*, No. 1:10-cv-00166 AWI JLT, 2011 WL 149451 (E.D. Cal. Jan. 18, 2011) (approving minor's compromise for net amount of $72,668.19 in case involving sexual harassment of minor at the minor's school); *McCue v. South Fork Union School District*, No. 1:10-cv-00233 LJO MJS, 2012 WL 2995666 (E.D. Cal. Jul. 23, 2012) (approving minor's compromise for net amount of $210,054.67 in case involving the wrongful removal of a minor child from his parents' home and the minor's mistreatment while in foster care); *Welch v. County of Sacramento*, No. 2:07-cv-00794 GEB EFB, 2008 WL 3285412 (E.D. Cal. Aug. 5, 2008) (approving minor's compromise for net amount of $75,000 to be shared equally among three minor plaintiffs in a case involving battery and intentional infliction of emotional distress during the removal of three minors from their home).

be fair and reasonable.  Additionally, the Court notes that this settlement was negotiated after almost two years of litigation and after extensive discovery had been completed.

### IV.  CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED** that the parties' Joint Application to Approve Minor's Compromise be **GRANTED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **January 22, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **February 5, 2015**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  January 7, 2015

_____
**JILL L. BURKHARDT**
**United States Magistrate Judge**

5
13cv210